UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAYVON LEONARD,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>RALPH DIAZ, et al.,<br><br>　　　　　Defendants. | No.  1:22-cv-00381 GSA (PC)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS MATTER<br><br>ORDER RECOMMENDING DISMISSAL OF THIS MATTER FOR FAILURE TO PROSECUTE / KEEP COURT APPRISED OF CURRENT ADDRESS<br><br>Fed. R. Civ. P. 41(b); L.R. 110, 183(b)<br><br>PLAINTIFF'S OBJECTIONS DUE **AUGUST 23, 2024** |

　　　Plaintiff, a state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983.  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

　　　For the reasons stated below, the undersigned will recommend that this matter be dismissed for Plaintiff's failure to prosecute, specifically, for his failure to keep the Court apprised of his current address.  Plaintiff will be given fourteen days to file objections to this order.

1

I. RELEVANT FACTS

On March 29, 2022, Plaintiff's complaint and application to proceed in forma pauperis were docketed in the Sacramento Division of this Court. ECF Nos. 1, 2. Shortly thereafter, on March 31, 2022, the matter was transferred to this division. ECF No. 5.

On April 5, 2022, Plaintiff's application to proceed in forma pauperis was granted and the order doing so was sent to Plaintiff at his address of record. ECF No. 8 (see order with attached NEF). As a result, the matter is properly before the Court for the screening of Plaintiff's complaint.

A considerable amount of time has passed between the Court's last communication with Plaintiff in April 2022 and now. As a result, prior to screening the complaint, on July 29, 2024, Plaintiff was ordered to file a notice of current address with the Court. ECF No. 10. Plaintiff was given seven days to file the notice. Id.

On August 2, 2024, the Court's order sent to Plaintiff directing him to file a notice of current address was returned marked "Undeliverable, Return to Sender, Paroled." See 8/2/24 docket entry (mail returned entry). To date, Plaintiff has not responded to the Court's order and the deadline to do so has passed. In addition, the record does not indicate that the Court's order was able to be forwarded to Plaintiff at a different address. See generally id.

II. APPLICABLE LAW

A. Authority to Dismiss

District courts have the authority to dismiss cases for failure to prosecute or for failure to comply with court orders. See Fed. R. Civ. P. 41(b); Omstead v. Dell, Inc., 594 F.3d 1081, 1084 (9th Cir. 2010), overruled on other grounds by Langere v. Verizon Wireless Servs., LLC, 983 F.3d 1115, 1117 (9th Cir. 2020); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986) (citations omitted). When a pro se litigant fails to keep a court informed of his current address, his case may be dismissed for failure to prosecute. See, e.g., Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988); see also Local Rule 183(b).

"The power to invoke [the] sanction [of dismissal] is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District

1  Courts." Link v. Wabash Railroad Co., 370 U.S. 626, 629-30 (1962) (brackets added); Davis v.
2  Morris, No. LA CV 13-08807 VBF, 2014 WL 1364895, at *5 (C.D. Cal. Apr. 4, 2014) (citing
3  Link) ("A court may dismiss a matter for failure to prosecute so that it may avoid delay or
4  congestion on its calendar.").

5  "The public's interest in expeditious resolution of litigation always weighs in favor of
6  dismissal." Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (quoting Yourish v.
7  California Amplifier, 191 F.3d 983, 990 (9th Cir. 1999)); Medina v. Hinojosa, 850 Fed. App'x
8  590, 591 (9th Cir. 2021) (quoting Pagtalunan). "District judges are best situated to decide when
9  delay in a particular case interferes with docket management and the public interest." Ash v.
10 Cvetkov, 739 F.2d 493, 496 (9th Cir. 1984); Yourish, 191 F.3d at 990 (citing Ash).

   B. Factors to Consider Prior to Dismissal

12 There are factors that the Court must consider prior to dismissing a matter for failure to
13 prosecute. They are: (1) the public's interest in expeditious resolution of litigation; (2) the
14 Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public
15 policy favoring disposition of cases on their merits; and (5) the availability of less drastic
16 sanctions. Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987). Only unreasonable
17 delay will support a dismissal for lack of prosecution. Ash, 739 F.2d at 496 (citing Nealy v.
18 Transportation Maritima Mexicana, S.A., 662 F.2d 1275, 1280 (9th Cir. 1980)).

   III. DISCUSSION
   A. General Findings and Recommendations

21 Despite the Court's delay in screening Plaintiff's complaint, Plaintiff was obligated to
22 keep the Court informed of an address at which he could be located until this matter was fully
23 adjudicated. The last interaction Plaintiff had with the Court was in April 2022, when he returned
24 his signed consent / decline form. Whether Plaintiff's address changed shortly after he filed the
25 consent / decline form, or it changed recently, Plaintiff filing a change of address with the Court
26 was mandatory.

27 Although it appears from the file that Plaintiff's copy of the order directing him to file a
28 notice of current address was returned, Plaintiff was properly served. It is Plaintiff's

responsibility to keep the Court apprised of his current address at all times. Pursuant to Local Rule 182(f), service of documents at the record address of the party is fully effective.

Local Rule 183(b) permits the Court to dismiss a matter after sixty-three days if mail that it sends to a plaintiff who is representing himself is returned to it. However, having considered the Malone factors below, the undersigned recommends that this matter be dismissed prior to the end of the sixty-three-day period.

### B. Consideration of Malone Factors

#### 1. Public's Interest in Expeditious Resolution of Litigation

Plaintiff's failure to provide a current address to the Court either before or right after he was paroled is a common example of a situation that impedes the expeditious resolution of litigation. Without a current address for Plaintiff, screening his complaint cannot be done because there is no known address to which to send it. As a result, Plaintiff's case will continue to sit on the Court's docket until Plaintiff either files a notice of change of address or the matter is dismissed months later pursuant to Local Rule 183(b).

In this case, the recent court order was not returned as a result of Plaintiff being moved to a different facility, or because he has been deprived of his mail and/or legal property. On the contrary, the order was returned because Plaintiff was paroled. When Plaintiff was paroled he knew this case was still pending, yet he chose not to inform the Court of his new location. In addition, at the beginning of this case Plaintiff was instructed that the Local Rules required that he keep the Court informed of his current address. See ECF No. 3-1 at 2 (prisoner new case documents sent to Plaintiff).

Given this Court's overly burdened caseload, the quick disposition of this case is warranted so that litigants who currently have, or *will* have matters before this Court will receive less delay in having their matters considered.

#### 2. Court's Need to Manage Its Docket

1   This Court's caseload is one of the most heavily taxed in the nation.[1]  As a result, there are
2   limits to the amount of time that can be spent by the Court on any given matter.   Because of this,
3   the Court has an important impetus to keep existing cases moving which is unnecessarily
4   hampered when a pro se litigant fails to prosecute his/her case.

5                       3.   Risk of Prejudice to Defendants

6   This case should also be dismissed at this time because waiting more time for Plaintiff to
7   file a change of address with the Court will serve little purpose other than creating a further
8   likelihood of prejudice to the Defendants due to the additional lapse of time and the further
9   potential for loss of evidence.

10                       4.   Public Policy Favoring Disposition of Cases on Merits

11   Public policy favors the dismissal of cases on their merits.  See Pagtalunan, 291 F.3d at
12   643; Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998).  However, dismissing
13   this case without first considering its merits does not erode this consideration.

14   The Ninth Circuit has "recognized that this factor lends little support to a party whose
15   responsibility it is to move a case towards disposition on the merits but whose conduct impedes
16   progress in that direction." In re Phenylpropanolamine (PPA) Prods. Liab. Litig., 460 F.3d 1217,
17   1228 (9th Cir. 2006) (internal quotation marks omitted) (citation omitted).  This case has been on
18   the Court's docket for quite some time, but it has yet to be screened.  Despite this fact, Plaintiff
19   having filed this case well over two years ago has not contacted the Court to inquire about the
20   status of his case, nor has he informed the Court that he has been paroled.  In sum, is isPlaintiff's
21   own inaction that is preventing this case from being disposed of on its merits.

22   Finally, the public's interest in expeditious litigation weighs more heavily here than its

---

[1]  The Eastern District of California carries one of the largest and most heavily weighted caseloads in the nation.  See Office of the Clerk, United States District Court, Eastern District of California, 2023 Annual Report, "Workload Statistics," p. 33 (2023) ("[O]ur weighted caseload far exceeds the national average . . . ranking us seventh in the nation and first in the Ninth Circuit.").  This problem is compounded by a shortage of jurists to review its pending matters. See generally id. (stating 2024 Biennial Judgeship Survey recommended request for four additional permanent judgeships for Eastern District of California).

interest in resolving the matter on its merits, especially when viable defendants have not yet been identified, and the complaint has yet to be served.

### 5. Availability of Less Drastic Sanctions

There is one less drastic sanction the Court could take prior to dismissing this matter outright, which is to wait the additional sixty-three-day period the Local Rules require to see if Plaintiff eventually files a change of address with the Court.  However, as stated earlier, waiting this additional time:  (1) will continue to deprive the public of its interest in the expeditious resolution of this case, (2) will serve to continue to burden the Court's docket, and (3) may result in the loss of evidence.

## IV.   CONCLUSION

In sum, when considering all five Malone factors, four of them weigh in favor of the immediate dismissal of this case.  When four of the factors support dismissal, or at least three of them strongly support dismissal, a district court's dismissal may be affirmed.  See Hernandez, 138 F.3d at 399 (citing Malone, 833 F.2d at 133 & n.2 (four factors), and Ferdik v. Bonzelet, 963 F.2d 1258, 1263 (9th Cir. 1992) (three factors)).  Plaintiff's failure to keep the Court informed of his current address for over two years after its filing has created an unreasonable delay in prosecuting this matter.  For these reasons, this matter should be dismissed for failure to prosecute, specifically, for Plaintiff's failure to keep the Court apprised of his current address.  See generally Ash, 739 F.2d at 496 (stating unreasonable delay warrants dismissal).

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court shall randomly assign a District Judge to this action.

IT IS FURTHER RECOMMENDED that this matter be DISMISSED for failure to prosecute, specifically, for Plaintiff's failure to keep the Court apprised of his current address.  See Fed. R. Civ. P. 41(b); see also L.R. 110, 183(b).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations – **by August 23, 2024,** – Plaintiff may file written objections with the Court.  Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 9, 2024**         **/s/ Gary S. Austin**
                                  UNITED STATES MAGISTRATE JUDGE