1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   Trayvon Leonard,                          No.   1:22-cv-00381-KES-GSA

12                    Plaintiff,

13          v.                                  **ORDER GRANTING PLAINTIFF'S**
                                                **MOTION FOR RELIEF FROM**
14   Ralph Diaz et al.,                         **JUDGMENT UNDER FRCP 60(b)**

15                    Defendants.               Doc. 15

16

17

18          Plaintiff Trayvon Leonard[1] moves for relief from the Court's October 10, 2024 order

19   adopting the findings and recommendations of the magistrate judge and dismissing this action

20   without prejudice for failure to prosecute following plaintiff's failure to update the Court with his

21   current address.  *See* Doc. 15; *see also* Doc. 13 (order adopting findings and recommendations);

22   Doc. 12 (findings and recommendations).  For the reasons set forth below, plaintiff's motion is

23   granted and the order dismissing this action and subsequent judgment are set aside.

24   **I.      BACKGROUND**

25          Plaintiff initiated this action in the Sacramento Division of this Court with a complaint

26   and a motion to proceed in forma pauperis on March 29, 2022.  Doc. 1.  On March 31, 2022, the

27   ─────────────────────

28   [1] In his complaint, plaintiff spells his last name as Leonard, but in his motion currently before the
     Court, he spells it as Lenard.  This Order spells plaintiff's name as written in his complaint.

matter was transferred to this division, Doc. 5, and on April 5, 2022, the assigned magistrate judge granted plaintiff's motion to proceed in forma pauperis, Doc. 8.

On July 29, 2024, the assigned magistrate judge issued a minute order indicating that this matter is ripe for screening and ordering plaintiff to file a notice of his current address with the Court given the significant amount of time that had passed since the matter was filed and the possibility that plaintiff's address may have changed in that time. Doc. 10. That order was returned as "Undeliverable, Return to Sender, Paroled." *See* Docket. Thereafter, on August 12, 2024, the magistrate judge issued findings and recommendations recommending that this case be dismissed without prejudice for failure to prosecute for failing to update his address with the Court pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 183(b).[2] Doc. 12. Plaintiff did not file any objections to the findings and recommendations. *See* Docket.

On October 10, 2024, the Court adopted the findings and recommendations in full, noting that more than 63 days had passed since the magistrate judge issued the minute order requiring plaintiff to update his address, plaintiff had not provided the Court with a current address, and dismissal without prejudice was therefore appropriate. Doc. 13. This case was closed, and judgment was entered. Docs. 13, 14.

On March 31, 2025, plaintiff filed this motion requesting his case be reinstated.[3] Doc. 15. Plaintiff asserts that the July 29, 2024 minute order was erroneously returned to the Court with an indication that plaintiff was "Paroled," and that plaintiff has been incarcerated during the entire pendency of this case. *Id.* at 2. He states that he was transferred from defendants' custody to the

---

[2] At the time the findings and recommendations and the order adopting them were issued, Local Rule 183(b) required pro se plaintiffs to notify the Court of his or her current address within 63 days of mail directed to the party being returned to the Court as undeliverable. The Local Rule has since been amended to require such action within 30 days. The Local Rule further provides that if a party fails to do notify the Court of his or her address as required, "the Court may dismiss the action without prejudice for failure to prosecute."

[3] Plaintiff argues that the order should be set aside because, based on plaintiff's circumstances, the *Malone* factors did not support a finding that he failed to prosecute. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (prior to dismissing case as sanction for failure to prosecute, obey a court order, or comply with a local rule, court must weigh several factors). The Court construes this filing as a motion for relief from the order pursuant to Rule 60(b).

North Carolina Department of Adult Corrections ("NCDAC") in March 2023 and is there currently. *Id.* He states that "prior to transferring from custody of defendants he was informed that his mail would be forwarded to him" and asserts that once he reached NCDAC, he "mailed a letter to the [C]ourt on 9/21/2023 [r]egarding his change of address and out of state transfer." *Id.* He notes that "the [C]ourt may not have received this communication" because NCDAC "was in the process of switching from paper mail to digital mail and if the return address was not to the digital carrier this mail was destroyed." *Id.* He states that because he was under the impression that the "civil process was at a slow pace due to covid backlog" and that his prior institution would forward his mail to him at his new institution, he believed his case was still on the active docket. *Id.* Plaintiff contends he "only became aware of the [C]ourt's dismissal after a friend checked on Westlaw to see if his case was pending." *Id.* He argues that, given these facts, his case should be reinstated. *Id.* The filing contains plaintiff's new address. *Id.* at 3.

## II.    LEGAL STANDARD

Relief from an order issuing a final judgment may be granted under Federal Rule of Civil Procedure 59(e) or 60(b). *See, e.g.*, *Langley v. Well Path Med.*, No. 2:19-cv-01022-TLN-DMC, 2020 WL 243228, at *1 (E.D. Cal. Jan. 16, 2020). If a motion for relief from an order or judgment is filed within the time provided for by Rule 59(e), it should be considered a motion for reconsideration pursuant to Rule 59(e).[4] *See Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 888-89 (9th Cir. 2001). Otherwise, the motion is treated as a Rule 60(b) motion for relief from a judgment or order. *Id.*

Rule 60(b) permits a district court to relieve a party from a final order or judgment on grounds of: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . . of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied . . . or (6) any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b).

Rule 60(b) motions are largely addressed to the discretion of the district court. *See*

---

[4] Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

1    *Savarese v. Edrick Transfer & Storage, Inc.*, 513 F.2d 140, 146 (9th Cir. 1975); *Martella v.*

2    *Marine Cooks & Stewards Union, Seafarers Intern. Union of N. Am., AFL-CIO*, 448 F.2d 729,

3    730 (9th Cir. 1971).  Such "discretion ordinarily should incline toward granting rather than

4    denying relief, especially if no intervening rights have attached in reliance upon the judgment and

5    no actual injustice will ensue," 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

6    *Procedure* § 2857 (3d ed. 2024) (collecting cases), especially given that "the interests of justice

7    are best served by a trial on the merits."  *Patapoff v. Bollstedt's Inc.*, 267 F.2d 863 (9th Cir. 1959)

8    (Rule 60(b) designed to permit desirable legal objective that cases be decided on their merits and

9    must be given a liberal construction); *see also Schwab v. Bullock's Inc.*, 508 F.2d 353 (9th Cir.

10   1974) (discretion to grant or deny 60(b) motion to vacate default judgment is limited by several

11   considerations including that Rule 60(b) "is remedial in nature and therefore must be liberally

12   applied" and that default judgments are generally disfavored given that "whenever it is reasonably

13   possible, cases should be decided on their merits").  The Court must balance the public policy

14   favoring decisions on the merits "against the desire to achieve finality in litigation."  Wright &

15   Miller, *supra*, § 2857 (collecting cases).

16        Further, Local Rule 230(j) requires, in relevant part, that a movant show "what new or

17   different facts or circumstances are claimed to exist which did not exist or were not shown"

18   previously or "what other grounds exist for the motion," and "why the facts or circumstances

19   were not shown" at the time the substance of the order which is objected to was considered.

20   **III.    DISCUSSION**

21        The order dismissing this case was entered in this case on October 10, 2024, and plaintiff

22   filed this motion more than 28 days later, on March 31, 2025.  Therefore, this motion is properly

23   treated as a Rule 60(b) motion for relief from a judgment or order.  *See Am. Ironworks &*

24   *Erectors*, 248 F.3d at 888-89.  Given the content of plaintiff's motion, the Court finds it

25   appropriate to consider plaintiff's motion under Rule 60(b)(1)—that is, whether the order

26   dismissing his case should be set aside because of "mistake, inadvertence, surprise, or excusable

27

28

4

1    neglect."[5]  Fed. R. Civ. P. 60(b)(1).

2                   **A.  Timeliness under Rule 60(b)**

3            "A motion under Rule 60(b) must be made within a reasonable time" and, if based on

4    Rule 60(b)(1), (2), or (3), "no more than a year after the entry of the judgment or order."  Fed. R.

5    Civ. P. 60(c)(1).

6            Plaintiff filed this motion on March 31, 2025—a little more than five months after the

7    order and judgment was entered in this case (and about eight months after the July 29, 2024

8    minute order).  *See* Docs. 10, 13-15.  Thus, his motion is not barred by Rule 60(c)'s requirement

9    that any claim brought under Rule 60(b)(1), (2), or (3) be made within a year of the date of the

10   order or judgment.  *See* Fed. R. Civ. P. 60(c)(1).  However, plaintiff must still demonstrate that

11   his motion is being made "within a reasonable time."  Fed. R. Civ. P. 60(c)(1).  "What constitutes

12   'reasonable time' depends upon the facts of each case, taking into consideration the interest in

13   finality, the reason for delay, the practical ability of the litigant to learn earlier of the grounds

14   relied upon, and prejudice to the other parties."  *Lemoge v. U.S.*, 587 F.3d 1188, 1196 (9th Cir.

15   2009) (citation omitted).

16           Plaintiff asserts that he mailed the Court a letter to update his address on September 21,

17   2023, but believes "the [C]ourt may not have received this communication" because NCDAC

18   "was in the process of switching from paper mail to digital mail and if the return address was not

19   to the digital carrier this mail was destroyed."  Doc. 15 at 2.  Thus, by plaintiff's own assertion,

20   he delayed six months in filing an updated address with the Court following his transfer to

21   NCDAC in March 2023.  However, between April 18, 2022, and July 29, 2024, this case was

---

22   [5] In theory, plaintiff's motion could also be assessed under Rule 60(b)(6)'s "catch all" provision
23   providing relief for "any other reason justifying relief from the operation of the judgment."  Fed.
     R. Civ. P. 60(b)(6).  However, Rules 60(b)(1) and (6) are "mutually exclusive" of each other.  *See*
24   *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Pushup*, 507 U.S. 380, 393 (1993).  Thus,
     because the Court finds below that plaintiff has demonstrated excusable neglect under Rule
25   60(b)(1), the Court will not address this motion under Rule 60(b)(6).  The Court also notes at least
26   one instance of a district court granting relief from an order dismissing a case for failure to
     prosecute under similar circumstances under Rule 60(b)(2) (regarding "newly discovered
27   evidence").  *See Lopez v. CDC Director*, No. 2:21-cv-02094-DAD-AC (PC), 2024 WL 1800546,
     at *1 (E.D. Cal. Apr. 25, 2024).  However, as the Court finds that this motion should be granted
28   pursuant to Rule 60(b)(1), the Court need not address plaintiff's motion under Rule 60(b)(2).

pending with the Court, through no fault of plaintiff's, as it awaited screening pursuant to section 1915(A) of title 28 of the United States Code.[6]  Though a six-month delay in 2023 in filing a notice of change of address with the Court following his transfer may tend to show a general lack of diligence in pursuing his case, given that his case was pending screening during that time period there is no prejudice to any other party.  Rather, the only delay relevant for resolving this motion to set aside the judgment pursuant to Rule 60(b) is that between the Court's October 10, 2024 order dismissing plaintiff's case and plaintiff's current motion filed March 31, 2025.

As to the reason for that delay, the Court "accept[s] the allegations of the movant's factual statement." *Falk v. Allen*, 739 F.2d 461, 464 (9th Cir. 1984).  Under penalty of perjury, plaintiff states that he did not receive the Court's minute order nor the subsequently issued findings and recommendations or order adopting the findings and recommendations.  He explains that, upon his transfer to NCDAC in March 2023, he was told that any mail his former institution received addressed to him would be forwarded to him at NCDAC.  Additionally, it appears that, following September 21, 2023, plaintiff believed this Court had his updated address.  He states that he believed his case was still active and pending screening due to the Court's backlog and that he became aware of the Court's dismissal of his case only after a friend checked his case on Westlaw.  Given all of this, the reasons for plaintiff's delay weighs in favor of granting the motion.  *See, e.g.*, *Allah v. Rutledge*, Case No. EDCV 17-1748-JAK (RAO), 2020 WL 8410446, at *4 (C.D. Cal. Aug. 24, 2020) (reason for delay weighed in favor of finding excusable neglect where plaintiff did not receive motion to dismiss because was hospitalized and where he attempted to file an opposition immediately after receiving it though that opposition did not reach the court); *compare Fiorito v. Brewer*, 2024 WL 2398818, at *2 (E.D. Cal. May 23, 2024) (no excusable neglect where plaintiff offered no explanation for his failure to notify the court of his change of address).

Plaintiff's duty was to update his address with the Court so the Court could communicate

---

[6] This Court has one of the heaviest caseloads in the nation and recognizes that due to the ongoing judicial resource emergency in this district, this case, along with every other civil case before the Undersigned, has experienced significant and unavoidable delays.

with him.  He declares in his motion, under penalty of perjury, that he sent such notice on September 21, 2023 and believed that it had gone through to the Court.  Plaintiff had no reason to question whether the Court had received his correspondence, because he believed his case remained at the screening stage.

As plaintiff's complaint remained at the screening stage at the time of dismissal, the defendants had not been served and had not made an appearance in this case.  Thus, neither the interest in finality nor fear of prejudice to the defendants weigh against a finding of timeliness, given that "no intervening rights have attached in reliance upon the judgment and no actual injustice will ensue."  Wright & Miller, *supra*, § 2857.  Though "[t]he law presumes injury [to the opposing party] from unreasonable delay" given the possibility of loss of evidence and loss of memory with time, *see In re Eisen*, 31 F.3d 1447, 1453 (9th Cir. 1994) (citations omitted), prejudice from delay or from the loss of a "quick victory" alone is "insufficient to justify denial of relief under Rule 60(b)(1)."  *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224-25 (9th Cir. 2000).  Rather, as noted, public policy strongly favors decisions to be made on the merits.  *See Schwab*, 508 F.2d at 355.

Therefore, considering the facts of plaintiff's case, plaintiff's motion was brought within a "reasonable time" under Rule 60(b) and is timely.

**B.  Excusable Neglect**

The basis of plaintiff's argument seems to be that the order dismissing the case was issued as the result of his excusable neglect in responding to the July 29, 2024 minute order.  *See* Fed. R. Civ. P. 60(b)(1).  "Because Rule 60(b)(1) guides the balance between the overriding judicial goal of deciding cases correctly, on the basis of their legal and factual merits, with the interest of both litigants and the courts in the finality of judgments, nearly all of the cases in which relief has been granted under the excusable neglect standard involve situations in which a party was prevented from obtaining an adjudication on the merits, such as a default judgment, dismissal for failure to prosecute, or summary judgment based on failure timely to respond to a summary judgment motion."  *Harvest v. Castro*, 531 F.3d 737, 747-48 (9th Cir. 2008) (cleaned up).

Though "inadvertence, ignorance of the rules, or mistakes construing the rules do not

1    usually constitute excusable neglect," the Ninth Circuit has held that "there may be some

2    circumstances in which simple inadvertence could be excusable neglect." *See id.* at 746 (citing

3    *Pioneer Invs. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 392 (1993); then citing *Pincay*

4    *v. Andrews*, 389 F.3d 853, 858-59 (9th Cir. 2004) (en banc)).  To determine whether the

5    inadvertence is excusable, courts apply the *Pioneer* factors: (1) the danger of prejudice to the

6    nonmoving party; (2) the length of delay; (3) the reason for the delay, including whether it was

7    within the reasonable control of the movant; and (4) whether the moving party's conduct was in

8    good faith.  *Id.* (citation omitted).  These four factors are "not an exclusive list."  *See Lemoge*, 587

9    F.3d at 1195.  In some circumstances, including where the moving party could not refile its

10    dismissed case, it is also appropriate to consider prejudice to the moving party if relief is denied.

11    *See id.* (holding that where a Rule 60(b) motion seeks to set aside a dismissal arising from

12    noncompliance with Rule 4(m), the action could not be refiled because the statute of limitations

13    has run, and there is no or only slight prejudice to opposing party, the district court should

14    consider the movant's prejudice).

15        As noted above in determining whether this motion was timely filed, the first and third

16    *Pioneer* factors—that is, the danger of prejudice to defendants and the reason for the delay—

17    weigh in favor of a finding of excusable neglect.  As to the length of the delay, while five and a

18    half months is a significant period, "its potential impact on the judicial proceedings" is "minimal"

19    given that this case remains at the screening stage, so defendants have not been served and

20    deadlines have not been set for discovery, dispositive motions, or trial.  *Bateman*, 231 F.3d at

21    1225; *cf. Lemoge*, 587 F.3d at 1197 (finding that a motion under Rule 60(b) within a year of

22    dismissal was brought within a reasonable amount of time given plaintiff filed its motion once

23    reasonably feasible after becoming aware of dismissal).

24        As to the final *Pioneer* factor, there is also no reason to believe that plaintiff's conduct in

25    not responding to the minute order was not in good faith.  *See Bateman*, 231 F.3d at 1225 (finding

26    "no evidence that [plaintiff] acted with anything less than good faith" given "errors resulted from

27    negligence and carelessness, not from deviousness or willfulness").  To the contrary, plaintiff's

28    initiative to check the status of his case and his subsequent motion to set aside judgment indicates

8

a desire to move his case forward. *Cf. Goff v. Gamez*, Case No. 1:15-cv-00937-AWI-EPG (PC), 2023 WL 8675084, at *5 (E.D. Cal. Dec. 15, 2023), adopted by Case No. 1:15-cv-00937-KES-EPG (PC), 2024 WL 3205191 (E.D. Cal. June 27, 2024) (finding no excusable neglect where plaintiff's case was dismissed for failure to prosecute, re-opened, and dismissed again for failure to prosecute, given plaintiff's "repeated failure to prosecute his case").[7]

Therefore, plaintiff's circumstances demonstrate excusable neglect under Rule 60(b)(1), and relief from the Court's order dismissing his case is warranted.

IV.    CONCLUSION

For the foregoing reasons, plaintiff's motion for relief from an order and judgment, Doc. 15, is granted.  Accordingly,

1. The order dismissing this case and subsequent judgment (Docs. 13-14) are set aside pursuant to Federal Rule of Civil Procedure 60(b);

2. The Clerk of Court is directed to update plaintiff's address on the docket to reflect his current address listed in his motion (Doc. 15); and

3. This matter is referred back to the assigned magistrate judge for further proceedings consistent with this Order.

IT IS SO ORDERED.

Dated:    April 18, 2025

UNITED STATES DISTRICT JUDGE

---

[7] Regarding potential prejudice to plaintiff if this motion is not granted, this case was dismissed without prejudice, so this consideration would depend on whether the relevant statutes of limitations have passed and whether plaintiff would be able to re-file his claims.  Plaintiff does not address this issue.  If the statutes of limitations have passed, this factor would weigh in favor of granting the motion, as absent relief, defendants' prejudice would be none or minimal and plaintiff "would endure the ultimate prejudice of being forever barred from pursuing [his] claims." *Lemoge*, 587 F.3d at 1196.  If not, while this factor would weigh against the motion, the outcome would be unaffected as the four *Pioneer* factors weigh in favor of granting relief.