UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAYVON LEONARD,<br><br>            Plaintiff,<br><br>    v.<br><br>RALPH DIAZ, et al.,<br><br>            Defendants. | No. 1:22-cv-00381 KES GSA (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO UPDATE DESCRIPTION OF DOCKET ENTRY AT ECF NO. 17<br><br>ORDER DISREGARDING PLAINTIFF'S AMENDMENT TO COMPLAINT<br><br><u>See</u> ECF Nos. 17<br><br>ORDER DIRECTING THE CLERK TO STRIKE ECF NO.18 FROM THE RECORD<br><br>See ECF No. 18 |

Plaintiff, a former California state prisoner proceeding pro se and in forma pauperis, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

For the reasons stated below, consistent with Plaintiff's response docketed in this Court on June 16, 2025 (ECF No. 19), Plaintiff's amendment to complaint, docketed May 6, 2025 (ECF No. 17) will be stricken from the record. In addition, the Clerk of Court will be directed to update the description of ECF No. 17 on its docket.

I.   RELEVANT PROCEDURAL HISTORY

   A.   <u>Dismissal for Failure to Prosecute and Keep Court Apprised of Address</u>

1

1    On March 29, 2022, Plaintiff's complaint and his application to proceed in forma pauperis
2  were docketed in the Sacramento Division. ECF Nos. 1, 2. Two days later, the matter was
3  transferred to this Division. ECF No. 5. On April 5, 2022, Plaintiff's application to proceed in
4  forma pauperis was granted. ECF No. 8.

5    On July 29, 2024, because a significant amount of time had passed since Plaintiff's
6  complaint had been filed, the Court ordered Plaintiff to file a notice of current address and to do
7  so within seven days. ECF No. 10. On August 2, 2024, the Court's order was returned to it
8  marked "Undeliverable, Return to Sender, Paroled." See 8/2/24 docket entry. Thereafter, on
9  August 12, 2024, the Court issued an order recommending that the matter be dismissed for failure
10 to prosecute and for failure to keep the Court apprised of his current address. ECF No. 12.

11   Plaintiff failed to file objections to the findings and recommendations order. As a result,
12 on October 10, 2024, after Plaintiff had been afforded more than two months to file a notice of
13 change of address with the Court and/or file objections to the findings and recommendations
14 order, the District Judge assigned to this matter adopted the findings and recommendations, and
15 this case was closed. ECF Nos. 13, 14.

16         B.  Plaintiff's Motion for Reconsideration Granted

17   Almost six months later, on March 31, 2025, a motion for reconsideration filed by
18 Plaintiff was docketed. ECF No. 15. Approximately three weeks later, the District Judge
19 assigned to this case granted the motion, and the matter was reopened. ECF No. 16.

20         C.  Plaintiff Ordered to File Amended Complaint

21   On May 6, 2025, before the Court had screened Plaintiff's original complaint, an
22 "amendment to complaint" filed by Plaintiff was docketed. ECF No. 17. Because the Court had
23 not granted Plaintiff leave to amend, the Court, sua sponte, construed the filing as a first amended
24 complaint ("FAC"), and the pleading was then screened. Id. at 1. In so doing, the Court clearly
25 pointing out that the document Plaintiff had filed was "not a complaint that [was] complete in and
26 unto itself as the law requires." Id. at 4. The Court ultimately found that the document that
27 Plaintiff had filed was "defective on its face" and that it "fail[ed] to state a claim." ECF No. 18 at
28 4 (brackets added). As a result, the Court gave Plaintiff leave to file an amended complaint, and

2

1  he was given thirty days to do so.  Id.

2  At that time, Plaintiff was also instructed that if he did not file an amended complaint, the

3  Court would presume that he wanted to stand on his FAC, here, his "amendment to complaint."

4  Plaintiff was reminded that the Court had already determined that it failed to state a claim upon

5  which relief could be granted.  See ECF No. 18 at 4, n.1.  Plaintiff was also given the option of

6  voluntarily dismissing the matter, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i).  See id.

         D.   Plaintiff Opts to Stand on Original Complaint

8  On June 16, 2025, instead of actively taking one of the three courses of action that had

9  been offered to him, Plaintiff filed a "response" to the Court's order that directed him to file a

10 second amended complaint.  ECF No. 19.  In it, Plaintiff ultimately states that:  (1) he never

11 intended to amend his initial complaint, and (2) that he would like to proceed on his initial filing

12 Id. at 1-2.  Plaintiff ultimately states that "he stands by his initial filing," requesting that "his

13 previous [sic] misconstrued complaint be disregarded," and that he be "allowed to proceed on his

14 initial filing."  Id. at 1-2 (brackets added).

15    II.   DISCUSSION

16 A party may amend its pleading with the court's leave to do so.  Fed. R. Civ. P. 15(a)(2).

17 If a litigant wishes to amend his complaint, he must rewrite it in its entirety, so that "it is complete

18 in itself without reference to any earlier filed complaint."  The screening order stated that, "[t]he

19 amended complaint supersedes the original, the latter being treated thereafter as non-existent."

20 See id. (quoting Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967)).

21 In sum, Plaintiff having clarified that he did not intend his "Amendment to Complaint"

22 (See. ECF No.17)  to be an amended complaint,  in the interests of judicial efficiency, the Court

23 will acknowledge his intent, and it will order the "amendment to complaint"  be stricken from the

24 record.  To avoid future confusion, the Court will also direct the Clerk of Court to update the

25 description entry at ECF No. 17 so that it reflects both characterizations of the filing.

26    III.   CONCLUSION

27 Given that Plaintiff states in his response that he requests that his "misconstrued complaint

28 be disregarded" (see ECF No.19), the Court will order that Plaintiff's amendment to complaint be

stricken from the record.  Thereafter, the Court will screen Plaintiff's original complaint in due course.

Accordingly, IT IS HEREBY ORDERED that:

1.  The Clerk of Court shall UPDATE the docket entry at ECF No. 17 so that it reads, "Amendment to Complaint [Construed as First Amended Complaint],"

2.  Consistent with Plaintiff's request (see ECF No. 19 at 2), Plaintiff's "amendment to complaint," which the Court had construed as a first amended complaint (ECF No. 18) is DISREGARDED , and

3.  Consistent with Plaintiff's request (See ECF No 19), the Court will direct that the Clerk strike Doc. # 18 from the Docket.

**The Court will screen Plaintiff's original complaint in due course.**

IT IS SO ORDERED.

Dated:   **August 1, 2025**                       **/s/ Gary S. Austin**
                                                              UNITED STATES MAGISTRATE JUDGE