UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAYVON LEONARD,<br><br>    Plaintiff,<br><br>  v.<br><br>DIAZ, *et al.*,<br><br>    Defendants. | Case No. 1:22-cv-00381-KES-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM, FAILURE TO OBEY COURT ORDER, AND FAILURE TO PROSECUTE<br><br>(ECF No. 23)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.  Background**

Plaintiff Trayvon Leonard ("Plaintiff") is a former state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

On October 10, 2025, the Court screened the complaint and found that it failed to state a cognizable claim under 42 U.S.C. § 1983. (ECF No. 23.) The Court issued an order granting Plaintiff leave to file an amended complaint or a notice of voluntary dismissal within thirty (30) days. (*Id.*) The Court expressly warned Plaintiff that the failure to comply with the Court's order would result in a recommendation for dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (*Id.*) Plaintiff failed to file an amended complaint or otherwise communicate with the Court, and the deadline to do so has expired.

///

**II.      Failure to State a Claim**

      **A.      Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

      **B.      Plaintiff's Allegations**

At the time of the events in the complaint, Plaintiff was housed in Corcoran State Prison. Plaintiff names the following as defendants: (1) Ralph Diaz, Secretary for the California Department of Corrections and Rehabilitation ("CDCR"); (2) Dave Davey, Warden; (3) C. Campa, correctional counselor II; and (4) W. Costello, correctional counselor II.

Plaintiff alleges violations of the Eighth Amendment. Plaintiff alleges that CDCR is implementing an unconstitutional policy of non-designating programming facilities ("NDPF") which cross classifies and integrates inmates of different classes and is putting inmates in direct

harms way from other inmate assaults on inmates programming NDPF. Plaintiff alleges NDPF is an unconstitutional policy that is a direct denial of the right to be free from cruel and unusual punishment. Plaintiff seeks relief under respondeat superior that employers are responsible for their employee's acts or omissions.

On or about 11/4/19, Plaintiff was classified at North Kern State Prison and transferred to Corcoran as a level I and placed in the NDPF non designated program facility, Corcoran Minimum Support Facility. On or about 4/20/2020, Plaintiff was removed from NDPF and Defendants W. Costello and C. Campa placed Plaintiff on a Level IV general population yard 3-C yard, knowing inmates labeled NDPF would be attacked or assaulted by other inmates in general population.

On 4/30/2020, Plaintiff was assaulted by two inmates on the Level IV general population 3-C yard which caused facial fractures and hospitalization, as a direct result of CDCR's NDPF policy. Defendants W. Costello, C. Campa, and Dave Davey were aware of the risk of harm by placing Plaintiff on a level IV general population yard. CDCR and Corcoran's ICC and ISU knew of the risk of harm to inmates who programmed NDPF with general population inmates on inmate assaults since 2017 as a direct result of NDPF policy from Defendant Ralph Diaz.

As remedies, Plaintiff seeks compensatory monetary damages.

**C.     Discussion**

Plaintiff's complaint fails to state a cognizable claim under 42 U.S.C. § 1983.

**1.     Federal Rule of Civil Procedure 8**

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.*; *see also Twombly*, 550 U.S. at 556–57; *Moss*, 572 F.3d at 969.

3

1    As explained below, Plaintiff's complaint fails to state a claim.

2    **2.    Supervisory Liability**

To the extent that Plaintiff seeks to hold Defendants Diaz and Warden Davey liable based solely upon their supervisory roles, Plaintiff may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676–77; *Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020–21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205–06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by *Farmer v. Brennan*, 511 U.S. 825 (1970).

In this case, Plaintiff challenges policy of non-designating programming facilities ("NDPF") which cross classifies and integrates inmates of different classes. Plaintiff does not otherwise allege that any of these defendants took specific actions that violated his constitutional rights. Further, Plaintiff does not allege which defendant implemented the policy. Plaintiff makes no showing that the policy change was made with the knowledge of an excessive risk to inmates' safety. Plaintiff's broad and conclusory allegations of risk are insufficiently specific to show an Eighth Amendment violation. There is no allegation that the policy itself is "so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation." Conclusory allegations are insufficient.

**3.    Eighth Amendment – Failure to Protect**

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v.*

1 *Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison
2 officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing,
3 sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir.
4 2000) (quotation marks and citations omitted). To establish a violation of the Eighth
5 Amendment, the prisoner must "show that the officials acted with deliberate indifference . . ."
6 *Labatad v. Corrs. Corp. of Amer.*, 714 F.3d 1155, 1160 (9th Cir. 2013) (citing *Gibson v. Cty. of*
7 *Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002)).

8      Prison officials have a duty under the Eighth Amendment to protect prisoners from
9 violence at the hands of other prisoners or others because being violently assaulted in prison is
10 simply not part of the penalty that criminal offenders pay for their offenses against society.
11 *Farmer*, 511 U.S. at 833; *Clem v. Lomeli*, 566 F.3d 1177, 1181 (9th Cir. 2009); *Hearns v.*
12 *Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005). However, prison officials are liable under the
13 Eighth Amendment only if they demonstrate deliberate indifference to conditions posing a
14 substantial risk of serious harm to an inmate; and it is well settled that deliberate indifference
15 occurs when an official acted or failed to act despite his knowledge of a substantial risk of serious
16 harm. *Farmer*, 511 U.S. at 834, 841; *Clem*, 566 F.3d at 1181; *Hearns*, 413 F.3d at 1040.

17      An inmate has no constitutional right to a particular security classification or housing. *See*
18 *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976) (no liberty interest protected by the Due Process
19 Clause is implicated in a prison's reclassification and transfer decisions); *see also Myron v.*
20 *Terhune*, 476 F.3d 716, 718 (9th Cir. 2007). Neither the Eighth nor the Fourteenth Amendment
21 endows prisoners with a right to be housed in a particular part of the prison or with a particular
22 inmate. *See Meachum*, 427 U.S. at 224–25 (no liberty interest in placement in particular facility);
23 *Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (no Due Process right to be housed with
24 compatible inmate); *Bjorlin v. Hubbard*, No. CIV S–09–1793 2010 WL 457685, *1 (E.D. Cal.
25 Feb. 4, 2010) (same).

26      Plaintiff fails to state an Eighth Amendment claim. To the extent Plaintiff's claim
27 concerns a housing determination, there is no constitutional violation. An inmate has no
28 constitutional right to a particular security classification or housing. *Myron*, 476 F.3d at 718. In

*Myron v. Terhune*, the Ninth Circuit held that a state prisoner's allegedly improper classification to a higher-level security facility than indicated by his individual security classification did not violate the Eighth Amendment. *Id.* at 719. As the court noted, because "the mere act of classification 'does not amount to an infliction of pain,' it 'is not condemned by the Eighth Amendment.'" *Id.* (citation omitted).

Here, Plaintiff fails to adequately allege that Defendant Counselors C. Campa and W. Costello knew of any specific risk of harm to Plaintiff from an assault by an inmate. At most, Plaintiff alleges that Defendants should have known of a risk of harm to Plaintiff because sensitive needs yard inmates are routinely attacked in general population. Plaintiff does not allege that he informed Defendants of any specific threat of harm that he faced. Plaintiff makes vague and conclusory allegations that these Defendants knew he faced a substantial risk of serious harm but fails to explain or demonstrate they drew the inference. *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004).

### III. Failure to Prosecute and Failure to Obey a Court Order

#### A. Legal Standard

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.    Discussion**

Here, Plaintiff's first amended complaint is overdue, and he has failed to comply with the Court's order. The Court cannot effectively manage its docket if Plaintiff ceases litigating his case. Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

Finally, the Court's warning to a party that failure to obey the court's order will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's October 10, 2025 screening order expressly warned Plaintiff that his failure to file an amended complaint would result in a recommendation of dismissal of this action, with prejudice, for failure to obey a court order and for failure to state a claim. (ECF No. 23.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. As Plaintiff is proceeding *in forma pauperis* in this action, it appears that monetary sanctions will be of little use and the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating his case.

///

**IV.     Conclusion and Recommendation**

Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY RECOMMENDS that this action be dismissed, with prejudice, for failure to state a claim pursuant to 28 U.S.C. § 1915A, for failure to obey a court order, and for Plaintiff's failure to prosecute this action.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  **Objections, if any, shall not exceed fifteen (15) pages or include exhibits.  Exhibits may be referenced by document and page number if already in the record before the Court.  Any pages filed in excess of the 15-page limit may not be considered.**  The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:     **November 13, 2025**              /s/ Barbara A. McAuliffe            _
                                                      UNITED STATES MAGISTRATE JUDGE